UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:06 CR 114 |
| | ) | |
| LARRY COCHRAN, | ) | |
| Defendant | ) | |

### O R D E R

This opinion and order addresses a number of pre-trial filings from defendant Larry Cochran, who is pro se in this criminal case.[*] The filings cannot be neatly categorized: at least one is a motion, some are requests for discovery, some are requests for hearings, some are captioned as affidavits or as requests "by affidavit," and others bear captions such as "Verified Claim to Property, In Rem Seizure on Land Restricted Appearance" (part of the group of filings entered by the clerk as DE # 106). To a large extent, the filings attempt to inject wholly irrelevant commercial, admiralty and copyright law principles into this case. To provide only a few examples, to his "Motion for Exculpatory Evidence in Affidavit Form" filed on May 17, 2007 (DE # 111), Cochran attached a copy of this court's order of May 9, 2007, which he notated as "accepted for value and exempt from levy;" Cochran seeks dismissal of the charges against him

---

[*] It should be noted that although Cochran sought, and was granted, permission to represent himself, he now maintains that he is "the Third Party Intervenor NOT the strawman/tradename/debtor/defendant LARRY COCHRAN, in Case No. 2:06 CR 114. As such do declare that I Larry Cochran, am not the defendant, but the Third Party Intervenor NOT the defendant and appear by Restricted Appearance [sic] and/or Special Visitaion [sic], sui juris, **NOT PRO SE'**, but sui juris in my private capacity in this claim for title of the property." "Affidavit of Origin and In Court Status," pt. 2 ("Affidavit to Set the Record") of DE # 111. It appears that Cochran may be seeking to raise claims such as those discussed in *United States v. James*, 328 F.3d 953, 954 (7th Cir. 2003).

because the United States is an "insolvent corporation" which is holding his body as collateral, DE # 106, item 2 ("Grounds for Immediate Discharge"); and the "in rem" claim that Cochran is attempting to raise in this case is that the "title/strawman/tradename of Claimant [is being] used without his consent and knowledge, to attach and garnish his private labor and body" DE # 106 item 7 ("Complaint").

In other words, the majority of what Cochran has filed—docketed by the clerk in batches as DE ## 106, 108–111, requires neither a response from the government nor any detailed disposition by this court. This includes requests for "discovery" such as the interrogatories found in DE # 106, which Cochran asserts are part of his admiralty claim and designed to establish that the United States is not a corporation operating in bankruptcy, and requests for hearings such as the "show cause" hearing requested in DE # 108 for the purpose of having the clerk/United States Attorney prove to "secured party" Cochran that the charges against him have been "properly certified."

In addition or alternatively, to the extent, if any, that documents filed by Cochran after May 7, 2007 (DE# 109-111), are motions which might have some legal relevance, those motions are untimely. FED. R. CRIM. P. 12(c) allows the court to establish a deadline for pretrial motions. The original deadline in this case (when Cochran was represented by counsel) was September 5, 2006. Then Cochran, pro se, sought, and was granted, leave to file additional motions by March 23, 2007. See DE # 75. Then, at a pretrial hearing on April 17, 2007, Cochran requested, and was granted, leave to file two specific additional motions. He was to do so no later than May 7, 2007. See DE # 100.

Cochran's latest filings, DE ## 109-111, were placed in the mail by Cochran after that date. In them, Cochran gives no reason why he should be excused from the May 7, 2007, deadline, so they will not be considered.

Last, to the extent that Cochran's latest filings request exculpatory and other evidence, the court notes that the government is under a continuing obligation, pursuant to the Constitution (as to exculpatory evidence), statutes and orders of this court to produce discovery to Cochran in a timely fashion. The court has no reason to assume that the government has not complied with those obligations or to expect that the government will not continue to do so, and Cochran has given the court no reason to think otherwise.

Accordingly, to the extent that the Clerk has docketed any of Cochran's filings in DE # 106, 108–111 as motions requiring a ruling, the clerk is now **ORDERED** to terminate those motions.

**SO ORDERED.**

**Enter:** May 22, 2007

 s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT