UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:06 CR 114 |
| | ) | |
| LARRY COCHRAN, | ) | |
| | ) | |
| Defendant | ) | |

## O R D E R

Defendant Larry Cochran has filed a motion he styles as one seeking to correct clerical errors pursuant to RULE 36 of the FEDERAL RULES OF CRIMINAL PROCEDURE. He states that he has written a "Sellers Letter" to his Bureau of Prisons case manager, but no action has been taken. Therefore, he asks the court to "exercise its authority" to order that the errors be corrected.

As to his "Sellers Letter," in *Sellers v. Bureau of Prisons*, 959 F.2d 307 (D.C. Cir. 1992) the court held that the Bureau of Prisons and the Parole Commission had duties under the Privacy Act (5 U.S.C. § 552a) to maintain accurate records. As explained, however, in *Blackshear v. Lockett*, 411 Fed. Appx. 906 (7th Cir. 2011), a breach of that duty authorized only an action for damages, not correction, and after *Sellers* the Bureau of Prisons exempted itself from the Act.

As to RULE 36, it states: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. Cochran's allegations concern three matters in his presentence

report/criminal judgment which he deems clerical errors that the court can correct under RULE 36: 1) a description of his courtroom behavior which was then used as an obstruction of justice enhancement under the Sentencing Guidelines; 2) a misquote/misinterpretation of a post-Miranda statement he made; and 3) improper use of that statement as the basis for a relevant conduct finding under the Guidelines.

None of those alleged errors is a mere "clerical" error in any sense of the word. Instead, Cochran is complaining about (alleged) errors of substance. These are not errors that can be corrected via RULE 36:

> Williams contends on appeal that Fed. R. Crim. P. 36 allows courts to correct clerical errors at any time, but his sentence is not a clerical error; the judgment accurately carries out the district judge's decision. Rule 36 permits a district court to ensure that the record accurately reflects judicial decisions but does not authorize a challenge to the substance of those decisions. *See United States v. McHugh*, 528 F.3d 538 (7th Cir. 2008). Nor does the presentence report contain a clerical error. Whether the author of the report accurately understood the nature of one of Williams's older convictions (which affects whether he is a career offender) is a substantive matter. Defendants who disagree with the contents of a PSR must object before or at sentencing; only if a timely objection is made must a district judge state on the record (if the issue affects the sentence) whether the PSR is correct. Fed. R. Crim. P. 32(f)(1), (i)(3). Williams raised the issue indirectly at sentencing but did not ask for a correction under Rule 32 and did not pursue the matter on appeal. It is far too late to revisit this subject.

*United States v. Williams*, 777 F.3d 909, 910 (7th Cir. 2015).

Defendant Cochran's motion to correct clerical errors (DE #459) is **DENIED**.

**SO ORDERED.**

Date: June 2, 2015

      s/ James T. Moody  
      JUDGE JAMES T. MOODY  
      UNITED STATES DISTRICT COURT