UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 2:06 CR 114 |
| ) | |
| LARRY COCHRAN, ) | |
| ) | |
| Defendant ) | |

## OPINION and ORDER

This matter is before the court on multiple motions and other documents filed by defendant Larry Cochran, a *pro se* prisoner. In August and September of 2017, after his restricted filer status was removed, Cochran filed nine documents with the court. (DE ## 491, 492, 493, 494, 495, 496, 497, 500, 501.) In November, he filed two more. (DE ## 502, 503.) Among these filings are six which the court construes as motions: (1) Objections to the Amended/Revised Presentencing Report, pursuant to Rule 32 of the Federal Rules of Criminal Procedure (DE # 493); (2) Motion to Correct Clerical Errors Within the Presentencing Report, pursuant to Rule 36 of the Federal Rules of Criminal Procedure (DE # 496); (3) Motion for Relief From Judgment, pursuant to Rule 60(b)(6) of the Federal Rules of Criminal Procedure (DE # 497); (4) Motion for Modification of Sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines ("U.S.S.G.") (DE # 500); (5) Motion for Hearing on 18 U.S.C. § 3582(c)(2) Motion and Appointment of Stand-By Counsel (DE # 502); and (6) Motion to Expedite 18 U.S.C. § 3582(c)(2) Proceedings (DE # 503). Among the remaining documents, Cochran has filed a notice of appeal (DE # 494), and a request for seven

dollars to reimburse the cost of postage (DE # 491). Before addressing these new filings, the court will provide some background on Larry Cochran's case.

I. BACKGROUND

Larry Cochran was originally sentenced on January 25, 2008. (DE # 280.) At that time, he was committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 405 months. (*Id*.) On September 8, 2009, Cochran filed his first motion to vacate under 28 U.S.C. § 2255. (DE # 346.) This motion was denied. (DE ## 365, 366.) Cochran appealed the denial (DE # 369), but a certificate of appealability was denied by both this court (DE # 372) and the United States Court of Appeals for the Seventh Circuit (DE # 384). However, Cochran persisted, filing a motion for relief from judgment pursuant to Rule 60(b)(5) (DE # 386)—which the court construed as a new § 2255 motion (DE # 387)—as well as two additional motions to vacate under § 2255 (DE ## 388, 393), all over a span of 17 days in September and October of 2010. The court promptly denied each of these motions for want of jurisdiction, as they were successive collateral attacks. (DE ## 387, 389, 394.) The court later dismissed two more successive collateral attacks. (DE ## 417, 434.)

On January 13, 2015, the court reduced Cochran's sentence, pursuant to 18 U.S.C. § 3582(c)(2). (DE # 456.) Cochran's term of imprisonment was reduced from 405 months to 327 months. (*Id*.) Eight days after his sentence was reduced, Cochran filed another motion to reduce his sentence pursuant to 18 U.S.C. § 3582. (DE # 457.) This motion was denied. (DE # 458.) Cochran then began to file a series of motions to correct clerical errors in his Presentence Investigation Report ("PSR"), pursuant to Rule 36 of the Federal Rules of Civil Procedure. (DE ## 457, 459, 470.) The court denied two of these

2

motions, and the second denial was affirmed on appeal. (DE ## 458, 560, 473.) However, the court granted the third motion to correct clerical errors, after the Probation Officer agreed with Cochran's assertion of a clerical error and the Government stated it had no objection to the motion. (DE # 475.) As a result, a revised final PSR was prepared for Larry Cochran. (DE # 476.) It was filed on March 17, 2016. (*Id*.) However, Cochran was still unsatisfied with the result, and filed a new motion to correct clerical errors (DE # 477) which was denied (DE # 483.)

Throughout this course of events, Cochran filed numerous appeals to the Seventh Circuit. Ultimately, the Seventh Circuit sanctioned him "for continuing to file frivolous appeals." (DE # 481.) Cochran was fined $500 and was barred from filing further papers until the fine was paid. (*Id*.) Following his sanctioning, Cochran attempted to file multiple documents which were returned unfiled. Later, Cochran paid his fine, which allowed him to file the documents that are at issue now. (*See* DE # 491.)

## II. DISCUSSION

### A. *Objections to the Amended/Revised PSR (DE # 493)*

Rule 32(f) of the Federal Rules of Criminal Procedure allows a party to object to a presentence investigation report within 14 days of receiving it. Cochran claims he was first allowed to review the revised final PSR on April 13, 2016. (DE # 492 at 2.) Cochran then sent his objections, which were originally received by the Clerk of this court (but not docketed) on April 21, 2016. (*See id*. at 1.)

Cochran asserts three objections to the PSR. First, Cochran argues that the PSR, once again, mischaracterizes his post-arrest statement. (DE # 493 at 2.) Specifically, Cochran complains that the PSR does not contain the exact quote: "I have about 19 kilos

to deliver tonight." (*Id.*) Cochran made this same argument before (DE # 477), and the court rejected it (DE # 483). For the reasons stated in the court's prior order, the court finds that the characterization of Cochran's post-arrest statement in the revised final PSR is not erroneous. Therefore, the court will overrule Cochran's first objection.

In his second and third objections, Cochran claims that the amendments made to his PSR necessitate further changes in the relevant conduct and drug quantity sections of the PSR. (DE # 493 at 3–4.) The Government and the Probation Officer did not oppose those amendments, initially. However, it remains to be seen if they agree with Cochran that those amendments impact other parts of the PSR. Accordingly, the court will now order them to respond to the remaining objections.

 B. *Motion to Correct Clerical Errors Within PSR (DE # 496)*

Rule 36 of the Federal Rules of Criminal Procedure allows the court to correct a clerical error in the record at any time. Cochran asks the court to correct certain "identifying data" in his revised final PSR. (DE # 496.)

First, Cochran wishes to correct his "Race/Nationality" which is listed as "Black" in the revised final PSR. (*See* DE # 496.) Cochran asserts that there is only one race: "the human race." (DE # 496 at 1.) He also identifies himself as "Moorish American." (*Id.*) Therefore, he asks the court to strike his "Race/Nationality" designation and replace it with the information that his "Nationality" is "Moorish American." (*Id.* at 2.)

Cochran believes that if he were to allow his Race/Nationality designation to remain unchanged, he would be consenting to his own "denationalization." (*Id.*) However, he admits that the term "Black" "is a common-placed [*sic*], well known,

colloquialism used to describe people of African Decent [*sic*]." (*Id*. at 1.) Cochran does not deny or demonstrate that he is not of African descent. Therefore, the court finds no clerical error requiring correction. The court acknowledges that Cochran has not "consented" to the PSR's characterization of his race and nationality, but this lack of consent does not serve to demonstrate that anything in the PSR is erroneous.

Second, Cochran asks the court to correct his citizenship. (DE # 496 at 2.) Cochran is listed as a United States Citizen in the PSR. (*See id*.) Cochran asserts that he is not such a citizen, and rather, should be listed as either a "Citizen of the Republic of Illinois," an "Illinois Citizen," an "American," or a "Moorish American Citizen." (*Id*. at 3.) In his argument, Cochran attempts to distinguish between the "United States" and "America," for purposes of citizenship, and claims that calling him a United States Citizen improperly classifies him as a "Government or Federal Citizen." (*Id*. at 2–3.)

In making this argument, Cochran acknowledges that the courts will likely treat his argument as frivolous. (*Id*. at 3.) Unsurprisingly, theories such as this may be rejected summarily by the court. *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.").

Furthermore, Cochran admits he was born in Illinois. (DE # 496 at 3 ("The Movant was expelled from his Mother's womb in the Republic of Illinois (or born in the State of Illinois)").) This means he was born in the United States of America, making

him, not only an "Illinois citizen," but also a United States citizen. This is codified in the Fourteenth Amendment, which states, "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." Additionally, Cochran does not provide any argument or evidence that he was once a citizen of the United States, but is no longer. His argument rests on the premise that he was never a United States Citizen, and that is not true. Therefore, the court finds no error as to the citizenship information in the revised final PSR.

Because the court finds no clerical errors in the PSR related to race, nationality, or citizenship, the court will deny Cochran's motion to correct clerical errors. (DE # 496.)

C. *Other Motions and Documents*

Before ruling on Cochran's other motions, the court will order the Government and the Probation Officer to respond to the pending motions which were enumerated in this order. Specifically, the court asks the Government to respond regarding whether any of Cochran's filings should be considered successive collateral attacks. In doing so, it should take note of the Seventh Circuit's mandate and order regarding Rule 36 motions (located at docket entry number 473). Additionally, the Government should address whether the earlier reduction of Cochran's sentence (DE # 456) should allow him to file a new motion to vacate under § 2255. *See Magwood v. Patterson*, 561 U.S. 320, 331 (2010).

In addition to the motions, the Government should respond to Cochran's request for seven dollars for postage costs. (DE # 491.) Cochran claims these costs covered the

mailing of documents which were wrongfully rejected by the court, even after he had paid his fine. (*See id*.) They may also respond to any other filings as they see fit.

## III.    CONCLUSION

For the foregoing reasons, the Objections to the Amended/Revised Presentencing Report (DE # 493) are **OVERRULED in part** as discussed in this order, and the Motion to Correct Clerical Errors Within the Presentencing Report (DE # 496) is **DENIED**. The Government and the Probation Officer are **ORDERED** to file responses to Cochran's remaining motions (DE ## 493, 497, 500, 502, 503) and to Cochran's request for seven dollars (DE # 491), on or before December 22, 2017.

**SO ORDERED.**

Date: November 20, 2017

<u>s/James T. Moody</u>
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT