UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff | ) |  |
|  | ) |  |
| v. | ) | No. 2:06 CR 114 |
|  | ) |  |
| LARRY COCHRAN, | ) |  |
|  | ) |  |
| Defendant | ) |  |

## OPINION and ORDER

This matter is before the court on multiple motions and other documents filed by defendant Larry Cochran, a *pro se* prisoner. Since his restricted filer status was removed in August 2017, Cochran has filed many documents with the court. (DE ## 491–97, 500–3, 510–12, 514, 516, 518–31.) Some of these filings have been disposed of by the court in prior orders. (*See* DE ## 504, 509, 515, 517, 526.) However, the following motions remain pending: (1) Request for Postage (DE # 491); (2) Objections to the Amended/Revised Presentencing Report, pursuant to Rule 32 of the Federal Rules of Criminal Procedure (DE # 493); (3) Motion for Relief From Judgment, pursuant to Rule 60(b)(6) of the Federal Rules of Criminal Procedure (DE # 497); (4) Motion for Modification of Sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines (DE # 500); (5) Motion for Hearing on 18 U.S.C. § 3582(c)(2) Motion and Appointment of Stand-By Counsel (DE # 502); (6) Motion to Expedite 18 U.S.C. § 3582(c)(2) Proceedings (DE # 503); (7) Motion for Reconsideration of the Court's November 30, 2009 Order (DE # 522); (8) Letter Requesting Documents (DE # 528); and (9) Motion Requesting Expeditious Ruling (DE # 531).

The Government (DE # 513) and the Probation Officer (DE # 505) filed responses to several of these motions. Cochran replied to both of those responses. (DE ## 512, 518.) The court will now address all of the pending motions.

I.  BACKGROUND

Larry Cochran was originally sentenced on January 25, 2008. (DE # 280.) At that time, he was committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 405 months. (*Id*.) On September 8, 2009, Cochran filed his first motion to vacate under 28 U.S.C. § 2255. (DE # 346.) This motion was denied. (DE ## 365, 366.) Cochran appealed the denial (DE # 369), but a certificate of appealability was denied by both this court (DE # 372) and the United States Court of Appeals for the Seventh Circuit (DE # 384). However, Cochran persisted, filing a motion for relief from judgment pursuant to Rule 60(b)(5) (DE # 386)—which the court construed as a new § 2255 motion (DE # 387)—as well as two additional motions to vacate under § 2255 (DE ## 388, 393), all over a span of 17 days in September and October of 2010. The court promptly denied each of these motions for want of jurisdiction, as successive collateral attacks. (DE ## 387, 389, 394.) The court later dismissed two more motions for relief. (DE ## 417, 434.)

On January 13, 2015, the court reduced Cochran's sentence, pursuant to 18 U.S.C. § 3582(c)(2). (DE # 456.) Cochran's term of imprisonment was reduced from 405 months to 327 months. (*Id*.) Eight days after his sentence was reduced, Cochran filed another motion to reduce his sentence pursuant to 18 U.S.C. § 3582. (DE # 457.) This motion was denied. (DE # 458.) Cochran then began to file a series of motions to correct clerical errors in his Presentence Investigation Report ("PSR"), pursuant to Rule 36 of the

2

Federal Rules of Civil Procedure. (DE ## 457, 459, 470.) The court denied two of these motions, and the second denial was affirmed on appeal. (DE ## 458, 460, 473.) However, the court granted the third motion to correct clerical errors, after the Probation Officer agreed with Cochran's assertion of a clerical error and the Government stated it had no objection to the motion. (DE # 475.) As a result, a revised final PSR was prepared for Larry Cochran. (DE # 476.)

The original PSR contained the following statement under relevant conduct: "The defendant made a post-Miranda statement that he was due to receive 19 Kilograms of Cocaine on April 26, 2006." (*See* DE # 470 at 1.) The revised final PSR now reads "The defendant made a post-Miranda statement that he *had about 19-kilograms of cocaine to deliver* on April 26, 2006." (DE # 476 at 4.) The drug quantity section of the PSR was not changed. It says:

>   13.  20.55 Grams of Cocaine Base, to wit: crack cocaine.
>   14.  19-kilograms of powder cocaine.

(*Id*.) This revised final PSR was filed on March 17, 2016. (DE # 476.) However, despite these changes, Cochran filed a new motion to correct clerical errors (DE # 477) which was denied (DE # 483.)

Throughout this course of events, Cochran filed numerous appeals to the United States Court of Appeals for the Seventh Circuit. Ultimately, the Seventh Circuit sanctioned him "for continuing to file frivolous appeals." (DE # 481.) Cochran was fined $ 500 and was barred from filing further papers until the fine was paid. (*Id*.) Following his sanctioning, Cochran attempted to file multiple documents which were returned

unfiled. Later, Cochran paid his fine, which allowed him to file the documents that are at issue now. (*See* DE # 491.)

**II. DISCUSSION**

    *A.    Request for Postage (DE # 491)*

Cochran requests seven dollars for postage costs. (DE # 491.) He claims these costs covered the mailing of documents which were wrongfully rejected by the court, even after he had paid his $ 500 fine. (*See id*.)

The court ordered the Government to respond to this request; however, the Government did not address the postage fees in its response. Nevertheless, Cochran has provided no legal basis for the relief he seeks. In essence, Cochran is attempting to recover damages from the court, through a motion in his criminal case, rather than through the filing of a separate suit. This type of relief is not available through this procedural pathway. Therefore, the request for postage is denied.

    *B.    Objections to the Amended/Revised PSR (DE # 493)*

Rule 32(f) of the Federal Rules of Criminal Procedure allows a party to object to a presentence investigation report within 14 days of receiving it. Cochran claims he was first allowed to review the revised final PSR on April 13, 2016. (DE # 492 at 2.) Cochran then sent his objections, which were originally received by the Clerk of this court (but not docketed) on April 21, 2016. (*See id*. at 1.)

Cochran asserts three objections to the PSR. First, Cochran argues that the PSR, once again, mischaracterizes his post-arrest statement. (DE # 493 at 2.) The court previously overruled this first objection and concluded that the characterization of

Cochran's post-arrest statement in the revised final PSR is not erroneous. (DE # 504 at 4.)

In his second and third objections, Cochran claims that the amendments made to his PSR necessitate further changes in the relevant conduct and drug quantity sections of the PSR. (DE # 493 at 3–4.) The Government and the Probation Officer oppose these changes.

As to relevant conduct, Cochran argues that the amended relevant conduct stated in the revised final PSR is not actually "relevant" under the United States Sentencing Commission Guidelines. The original PSR stated the following under relevant conduct: "The defendant made a post-Miranda statement that he was due to receive 19 Kilograms of Cocaine on April 26, 2006." (*See* DE # 470 at 1.) The court adopted all of the factual statements and conclusions in the original PSR at the sentencing hearing held on January 25, 2008, including the conclusion that this was relevant conduct.

The revised final PSR now reads the following: "The defendant made a post-Miranda statement that he *had about 19-kilograms of cocaine to deliver* on April 26, 2006." (DE # 476 at 4.) Nothing in the amended statement changes the court's conclusion that this is relevant conduct. The fact that Cochran planned to deliver rather than receive cocaine does not make the conduct irrelevant. The planned delivery was part of the same course of conduct as the offense of conviction. *See* USSG § 1B1.3. Therefore, the court overrules Cochran's second objection.

As to drug quantity, Cochran argues that paragraph 14 should not read "19-kilograms of powder cocaine" because the relevant conduct statement in paragraph 12 does not specify that the 19-kilograms to be delivered were "powder cocaine," as opposed to "cocaine base." At the sentencing hearing, the court, by adopting the PSR, found that Cochran's drug quantity included the 19-kilograms of powder cocaine listed in paragraph 14 of the PSR. Nothing in the amended relevant conduct section of the revised final PSR would cause the court to change its finding as to drug quantity.

It is true that the relevant conduct section was changed to state that Cochran was due to *deliver* rather than *receive* cocaine; however, the description of the cocaine itself has not changed. Accordingly, the court overrules Cochran's third objection. Thus, all of Cochran's objections (DE # 493) are overruled.

C. *Motion for Relief From Judgment (DE # 497)*

Cochran seeks relief from the final order and judgment (DE ## 365, 366) dismissing his motion to vacate under 28 U.S.C. § 2255 (DE # 346). (*See* DE # 497.) He seeks relief under Federal Rule of Civil Procedure 60(b)(6). A movant seeking relief under Rule 60(b)(6) must show "extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524 (2005) (internal quotation marks omitted). He must also show that the motion was "made within a reasonable time." *Id*.

Cochran sets forth only one ground for relief. He argues that the court failed to address one of the arguments in his initial § 2255 motion. This argument was located on pages 16 through 20 of Cochran's "Attachment" to Ground III of the motion. Specifically, Cochran argued that his sentence was erroneously enhanced with 19-

kilograms of powder cocaine, which should not have been included as relevant conduct or in the drug quantity for sentencing purposes. (DE # 497 at 7.) Cochran said the use of the 19-kilograms of powder cocaine was a clear and plain error affecting his rights, including the right to due process. (*Id*. at 7–8.)

This is not the first time plaintiff has notified the court that it neglected to address an argument from his original § 2255 motion. On May 24, 2013, Cochran filed a Rule 60(b)(6) motion (DE # 434), making the same argument he does now. The court denied the Rule 60(b)(6) motion on the grounds that is was a successive § 2255 proceeding.[1] (DE # 435.) Cochran appealed the denial to the Seventh Circuit, which ruled that the court should not have treated the motion as a successive § 2255 motion. (DE # 442-1 at 2.) According to the Circuit Court, "[b]ecause Cochran challenged a nonmerits aspect of the district court's resolution of his § 2255 motion, it should have been treated as a Rule 60(b) motion and not dismissed for lack of jurisdiction as a successive collateral attack." (*Id*. (citing *Gonzalez*, 545 U.S. at 534).) Nevertheless, the Seventh Circuit concluded that Cochran "ha[d] not shown the 'extraordinary circumstances' required for relief under Rule 60(b)(6)." (*Id*.) "[T]he court properly denied relief. Cochran insists that he could not make his current argument earlier because it was impossible for him to remember every claim he made in his original 300-page § 2255 motion, yet he faults the district court for failing to reach the merits of one argument within that 300-page filing." (*Id*.)

---

[1] The court also concluded that even if Cochran's motion was not a successive motion, his arguments should have been raised in a direct appeal from the denial of the § 2255 motion. (DE # 435 at 2.)

In the instant motion, Cochran reasserts his Rule 60(b)(6) motion in light of the recent changes made to his PSR. Now that the court has changed the relevant conduct statement in paragraph 12, Cochran asserts that his argument that was once ignored is now proven to be true, since the statement in paragraph 12 of the original PSR *was* erroneous. However, even if Cochran has re-raised this argument within a reasonable time, he nevertheless fails to show the extraordinary circumstances required for relief.

As stated above, the Seventh Circuit has already found a lack of extraordinary circumstances required to grant relief under Rule 60(b)(6). (*See* DE # 442-1 at 2.) In reaching that conclusion, the Seventh Circuit examined the same overlooked argument from Cochran's original § 2255 motion that he relies on in the instant motion. It is true that, since the Seventh Circuit issued that order, the PSR has been amended to correct certain inaccurate information. However, the changes to the PSR are not significant enough to affect the ultimate conclusion that the required extraordinary circumstances are lacking.

Specifically, in overruling Cochran's objections to the revised final PSR (see above), the court reaffirmed its findings regarding the 19-kilograms of powder cocaine, as it relates to relevant conduct and drug quantity. By reasserting these findings, the court confirms that the erroneous statements in the original PSR have no impact on the court's ultimate findings and conclusions pertinent to sentencing. Thus, there is no reason to disturb the order and judgment and the motion is denied.

D.  *Motion for Reconsideration (DE # 522)*

Cochran moves for reconsideration of the court's order dated November 30, 2009 (DE # 365, the "2009 Order"), in which the court summarily denied and dismissed Cochran's first § 2255 motion (DE # 346). Cochran argues that the court may reconsider the 2009 Order because it was an "interlocutory order." (*See* DE # 522 at 1.) Specifically, Cochran points to Federal Rule of Civil Procedure 54(b) which states that an "order . . . that adjudicates fewer than all the claims . . . does not end the action as to any of the claims . . . and may be revised at any time before the entry of a judgment adjudicating all the claims." It is true that the court did not address all of Cochran's arguments from his § 2255 motion in its 2009 Order (see prior section). Therefore, Cochran argues, that because the 2009 order did not address all "claims," the court may reconsider it now.

The court disagrees. First, although the 2009 Order did not discuss each of Cochran's arguments, the court *did* enter a judgment adjudicating all of the claims. (DE # 366.) Specifically, the judgment recognized that "Cochran's motion pursuant to 28 U.S.C. § 2255 (DE # 346 arising in 2:06cr114) is summarily DENIED and DISMISSED with prejudice." (*Id.*) The clerk then entered "Final Judgement dismissing the parallel civil cause (2:09 CV 275) initiated by the motion proceeding with prejudice." (*Id.*)

Second, Cochran's past filings indicate that he agrees a final judgment or order was entered on his § 2255 motion since he has filed multiple motions under Rule 60(b) for relief from the 2009 Order and judgment. (*See e.g,* DE ## 386, 497.) Also, when Cochran appealed the denial of one of his Rule 60(b) motions, the Seventh circuit

applied the Rule 60(b)(6) standard in determining whether to uphold a challenge to the court's resolution of the 2255 motion. (*See* DE # 442-1.)

Accordingly, Rule 54(b) does not apply and the court cannot reconsider the 2009 Order as if it was an interlocutory order. Rule 60(b) is the proper way to challenge the court's 2009 Order and the corresponding judgment. Consequently, to the extent this motion asks the court to reconsider nonmerits aspects of the 2009 Order and corresponding judgment, the motion is denied for the same reasons the motion for relief from judgment (DE # 497) was denied (see above).

To the extent this motion asks the court to review the *merits* of the 2009 Order and corresponding judgment, it is a successive motion. Successive § 2255 motions cannot be addressed by this court unless Cochran first obtains permission for filing from the Court of Appeals. 28 U.S.C. § 2255(h). He has not done so. Accordingly, the motion for reconsideration is denied in its entirety.

E. *Motion for Modification of Sentence (DE # 500) and Motion for Hearing and Appointment of Counsel (DE # 502)*

Cochran seeks a sentencing modification based on the recent amendment to his PSR, pursuant to 18 U.S.C. § 3582(c)(2), and Guidelines Amendment 750. (DE # 500 at 2.) Section 3582(c)(2) "does not authorize a full resentencing. The court must take as given the findings already made in the case and apply the revised Guidelines to those findings." *United States v. Booker*, 618 F. App'x 862, 863 (7th Cir. 2015).

Cochran previously filed a motion to modify his sentence under § 3582 and Amendment 750 (DE # 457), which was denied by the court on January 23, 2015 (DE # 458). Cochran does not argue that the relevant Guidelines have changed since January

23, 2015. Instead he argues that the changes to his PSR necessitate revised *findings*, which would then be applied to the most recently revised Guidelines. (*See* DE # 500 at 1–2.)[2]

However, as discussed above, the court has not changed its findings regarding relevant conduct and drug quantity, despite the amendment to the PSR. Since there are no new findings, and no new guidelines, there is no reason to modify Cochran's sentence. Since there will be no modification of the sentence, there is no need to hold a hearing on this motion, or to appoint stand-by counsel to assist Cochran at the hearing. Cochran's motion for hearing and counsel (DE # 502) is, therefore, denied.

For those reasons, and for the reasons provided in the court's order at docket entry number 458, the motion for modification of sentence (DE # 500) is denied.

F. *Motion to Expedite 18 U.S.C. § 3582(c)(2) Proceedings (DE # 503) and Motion Requesting Expeditious Ruling (DE # 531)*

Cochran has twice moved to expedite the court's ruling on the motions discussed in this order. Because this order disposes of all of Cochran's pending motions, the court denies the motions to expedite as moot. In addition to these motions, Cochran also filed a letter containing a "request for ruling." (DE # 527.) To the extent that is a motion, it is also denied as moot.

It is clear from these filings that Cochran is concerned about the amount of time it took the court to rule on his motions. Yet, much of this perceived delay was due to the

---

[2] Cochran also filed an addendum to the motion in which he references *United States v. Patterson*, 872 F.3d 426 (7th Cir. 2017). (DE # 501.) That case is distinguishable from Cochran's case, because the PSR in *Patterson* failed to set forth a specific drug quantity attributable to Patterson. *Patterson*, 872 F.3d at 438.

11

sheer number of letters and motions filed by Cochran in this case. Since his restricted filer status was lifted in August of 2017, Cochran has filed 30 documents with the court. Moreover, on June 25, 2018, this court issued an order stating that Cochran's pending motions had been taken under advisement and that "[n]o further filings by defendant [were] necessary regarding the pending motions." (DE # 526 at 1.) Cochran ignored that order and has since filed five more documents with the court, including his request for ruling and his second motion requesting an expeditious ruling. These additional filings provided no new relevant arguments, facts, or law and only served to further delay this order.

  G. *Letter Requesting Documents (DE # 528)*

In a letter dated August 2, 2018, Cochran requests 21 documents from his case file. Given that the court has now denied many of Cochran's pending motions and has rejected his requests for relief, it is unclear if he still wants or needs these documents. Accordingly, the court denies the request for documents, with leave to refile the request, if Cochran so chooses.

**III. CONCLUSION**

For the foregoing reason, the court

(1) **DENIES** Cochran's Request for Postage (DE # 491);

(2) **DENIES** Cochran's Objections to the Amended/Revised Presentencing Report, pursuant to Rule 32 of the Federal Rules of Criminal Procedure (DE # 493);

(3) **DENIES** Cochran's Motion for Relief From Judgment, pursuant to Rule 60(b)(6) of the Federal Rules of Criminal Procedure (DE # 497);

(4) **DENIES** Cochran's Motion for Modification of Sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines (DE # 500);

(5) **DENIES** Cochran's Motion for Hearing on 18 U.S.C. § 3582(c)(2) Motion and Appointment of Stand-By Counsel (DE # 502);

(6) **DENIES** Cochran's Motion to Expedite 18 U.S.C. § 3582(c)(2) Proceedings (DE # 503), Request for Ruling (DE # 527), and Motion Requesting Expeditious Ruling (DE # 531);

(7) **DENIES** Cochran's Motion for Reconsideration of the Court's November 30, 2009 Order (DE # 522); and

(8) **DENIES** Cochran's Letter Requesting Documents (DE # 528).

**SO ORDERED.**

Date: September 6, 2018

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT