UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:06 CR 114 |
| | ) | |
| LARRY COCHRAN | ) | |

## OPINION and ORDER

Before the court are motions and other filings made by defendant Larry Cochran requesting the modification of conditions of supervised release. (DE ## 697, 712, 714, 724, 725.) For the reasons that follow, the motion is granted only as specifically described herein, and otherwise denied.

I.     BACKGROUND

Defendant is presently serving a 240-month term of imprisonment for a conviction related to crack cocaine; his term of imprisonment is to be followed by a 3-year term of supervised release. (DE # 578.)[1] Defendant's projected release date is July 28, 2023, about 15 months from now. (BOP Inmate Locator, https://www.bop.gov/inmateloc/, accessed April 25, 2022.)

II.     DISCUSSION

As a preliminary matter, the court notes that the vast majority of defendant's filings do not seek modification of conditions of supervision, but rather the elimination

---

[1] Defendant was originally sentenced to a 405-month term of imprisonment followed by 4 years of supervised release (DE # 280), but the court reduced defendant's sentence to a 240-month term of imprisonment followed by 3 years of supervised release in accordance with the First Step Act of 2018 (DE # 577).

of any term of supervised release. Defendant argues that, because his conviction and sentence are illegal, he should not be subject to any term of supervised release. Though defendant insists he is not collaterally attacking his conviction or sentence with this request, he is, in fact, attempting to do exactly that. Defendant is not permitted to wage subsequent and successive collateral attacks without prior authorization from the Court of Appeals, as that court has repeatedly explained. (*See, e.g.,* DE # 700, Order of Seventh Circuit Court of Appeals outlining history of denials of defendant's requests for authorization to file successive collateral attacks.) Accordingly, defendant's request that the court eliminate his term of supervised release is denied.

To the extent defendant asks the court to modify existing conditions of supervision applicable to defendant, it is undisputed that applicable law permits the court to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3582(e)(2). The Government concedes that, since defendant's sentencing over 14 years ago, there has been considerable evolution in the court's approach to supervised release conditions. (DE # 726.) The court concurs, and defendant's request for modification of conditions of supervision will be granted, only as described herein. Defendant's conditions shall appear in an amended judgment as follows:

## CONDITIONS OF POST CONVICTION SUPERVISION

### Mandatory Conditions of Supervision

1. You shall not commit another federal, state, or local crime.
2. You shall not unlawfully possess a controlled substance.

3.  You shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter as determined by the court for use of a controlled substance.  This condition may be ameliorated or suspended by the court if your pre-sentence report or other reliable sentencing information indicates a low risk of future substance abuse.

4.  You shall cooperate in the collection of a DNA sample from you if the collection of such a sample is authorized under section 3 of the DNA Analysis Backlog Elimination Act of 2000.

6.  You shall attend a public, private, or private nonprofit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is readily available within a 50-mile radius of your legal residence.

## Discretionary Conditions of Supervision

1.   Unless directed otherwise by the probation officer, you must report to the probation office in the federal judicial district where you reside within 72 hours of your release from imprisonment or commencement of probation.  *(This condition serves the statutory sentencing purposes of public protection and rehabilitation.  It also enables the probation officer to satisfy the statutory requirements to:  Be responsible for the defendant; instruct the defendant as to the conditions of supervision specified by the sentencing court; keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his or her conduct and condition. It also allows the probation office to begin the supervision process by requiring the defendant to notify the probation office that he or she has been released from the custody of the Bureau of Prisons or that he or she has commenced the specified term of probation.)*

2.   After initially reporting to the probation office in the federal judicial district where you reside, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.  *(This condition serves the statutory sentencing purposes of public protection and rehabilitation.  It also enables the probation officer to: Be responsible for the defendant; instruct the defendant as to the conditions of supervision specified by the sentencing court; keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his or her conduct and condition.)*

3. You must answer truthfully the questions the probation officer asks you related to the conditions of supervision. This condition does not prevent you from invoking your Fifth Amendment privilege against self-incrimination. *(This condition serves the statutory sentencing purposes of public protection and rehabilitation. It also enables the probation officer to satisfy the statutory requirements to: Keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his or her conduct and condition. The purpose of this condition is to build positive rapport and facilitate an honest discussion between the probation officer and the defendant. Accurate and complete information about the nature and circumstances of the offense and the history and characteristics of the defendant is necessary to implement effective supervision practices. This condition also promotes the safety of the probation officer by notifying him or her of possible safety threats (e.g., weapons or other occupants in the defendant's home with a history of violence). The probation officer attempts to develop and maintain a positive relationship with the defendant through transparent communication and the implementation of core correctional practices (e.g., active listening, development of problem solving skills, and effective reinforcement). Finally, this condition allows the probation officer to implement supervision methods demonstrated by social science to be effective at achieving positive outcomes.)*

4. You must not knowingly leave the federal judicial district to which you are released without first getting permission from the court or the probation officer. *(This condition serves the statutory sentencing purposes of public protection and rehabilitation. It also enables the probation officer to: Be responsible for the defendant; instruct the defendant as to the conditions of supervision specified by the sentencing court; keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his or her conduct and condition. It also allows the probation officer to supervise the defendant by setting boundaries for travel without permission and by keeping the probation officer informed of the defendant's whereabouts. Finally, it allows the probation officer to implement supervision methods demonstrated by social science to be effective at achieving positive outcomes.)*

5. You must follow the instructions of the probation officer designed to make sure you comply with the conditions of supervision. *(This condition serves the statutory sentencing purposes of public protection and rehabilitation. It also enables the probation officer to satisfy the statutory requirements to: Keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; aid the defendant in bringing about improvements in his or her conduct and condition; instruct the defendant as to the conditions specified by the sentencing court; provide a written statement of those conditions that is sufficiently clear and specific to serve as a guide for such supervision as is required; and provide*

*enforceable instructions that reasonably derive from or are necessary to ensure compliance with the court-imposed conditions of supervision.)*

6. You must not own, possess, or have under your control a firearm, ammunition, destructive device or dangerous weapon.  *(This condition serves the statutory sentencing purpose of public protection.  By allowing the probation officer to supervise the defendant without risk to safety caused by the possession of weapons, it enables the probation officer to satisfy the statutory requirements to:  Keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his or her conduct and condition.  Finally, it promotes the public safety and reduces safety risks posed by the defendant to the community and the probation officer, and it assists in ensuring that the defendant is complying with other conditions such as the prohibition of committing new crimes including the prohibition of possession of certain weapons for defendants convicted of certain crimes.)*

7. You must make the payments and comply with the other terms of any court order or order of an administrative process pursuant to the law of a State requiring you to make child support payments or to make payments to support a person caring for a child.  *(This condition is imposed to ensure the defendant complies with court orders and avoids collateral consequences for not complying with court orders such as lost driver's licenses, garnishment of wages, and loan ineligibility.)*

8. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so.  If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must tell the probation officer at least ten calendar days before the change.  If telling the probation officer in advance is not possible due to unanticipated circumstances, you must tell the probation officer within 72 hours after the change. *(This condition serves the statutory sentencing purposes of public protection and rehabilitation.  It also enables the probation officer to satisfy the statutory requirements to keep informed as to the conduct and condition of the defendant and to aid the defendant in bringing about improvements in his or her conduct and condition.  Finally, this condition allows the probation officer to implement supervision methods demonstrated by social science to be effective at achieving positive outcomes.)*

9. You must live at a place approved by the probation officer.  If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must tell the probation officer at least ten calendar days before the change.  If telling the probation officer in advance is not possible due to unanticipated

circumstances, you must tell the probation officer within 72 hours after the change. *(This condition serves the statutory sentencing purposes of public protection and rehabilitation.  It also enables the probation officer to satisfy the statutory requirements to:  Keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his or her conduct and condition. Finally, it allows the probation officer to be aware of changes in the defendant's residence so that the probation officer can determine whether such a change poses a risk to the community or impacts the defendant's risk and needs.  Advance notice of such a change is necessary to allow time to assess the suitability of the new residence.)*

10.  You shall refrain from excessive use of alcohol.  This includes "binge drinking" and "heavy drinking." "Binge drinking" is defined as a pattern of drinking that brings blood alcohol concentration levels to 0.08 grams per deciliter or higher. "Heavy drinking" is defined as "consuming fifteen drinks or more per week," or any use of alcohol that adversely affects your employment, relationships, or ability to comply with the conditions of supervision, or which results in the violation of any local, state, or federal laws including disorderly intoxication or driving under the influence.  *(This condition serves the statutory sentencing purposes of public protection and rehabilitation.  It also allows the probation officer to satisfy the statutory requirements to:  Keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his or her conduct and condition.)*

11.  You must not go to, or be at any place where you know or reasonably should know controlled substances are illegally sold, used, distributed, or administered without first obtaining the permission of the probation officer.  *(This condition serves the statutory sentencing purposes of public protection and rehabilitation.  It also prevents the defendant from being in an environment where crimes are occurring, antisocial associates are present, or there is an increased risk of substance abuse.  Finally, it enables the probation officer to satisfy the statutory requirements to:  Keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his or her conduct and condition.)*

12.  If you know someone is committing a crime, or is planning to commit a crime, you must not knowingly communicate or interact with that person in any way.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person in any way without first getting the permission of the probation officer.  *(This condition serves the statutory sentencing purposes of public protection and rehabilitation.  It also enables the probation officer to satisfy the statutory requirements to:  Keep informed as to the conduct and condition of the*

*defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his or her conduct and condition. Finally, it prevents antisocial relationships, encourages pro-social relationships, provides the defendant with a justification to avoid associating with persons convicted of felonies, and may deter future criminal conduct that may be jointly undertaken with those persons.)*

13.  You must allow the probation officer to visit you at home or at any other reasonable location and you must permit the confiscation of any contraband the probation officer observes in plain view.  A visit between the hours of 11:00 p.m. and 7:00 a.m. shall be conducted only when the probation officer has a reasonable belief that you have violated a condition of supervision and that a visit during those hours would reveal information or contraband that would not be revealed by a visit at any other time.  If you are placed on home detention with location monitoring equipment and the monitoring service alerts the probation office that either the monitoring equipment has malfunctioned or that you are in noncompliance, you must allow the probation officer to visit you at any time to ensure that the location monitoring equipment is functioning properly and that you are in compliance with your home detention condition.  *(This condition serves the statutory sentencing purposes of public protection and rehabilitation.  It also enables the probation officer to satisfy the statutory requirements to:  Keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his or her conduct and condition. Finally, it allows the probation officer to implement effective supervision strategies by making the probation officer aware of the defendant's living environment, and standard of living; by facilitating the development of rapport with the defendant's family members, friends, and other members of the defendant's support network; and by providing an environment that may in some cases be more conducive to open and honest communication with the probation officer.)*

14.  You must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.  *(This condition serves the statutory sentencing purposes of public protection and rehabilitation.  It also enables the probation officer to satisfy the statutory requirements to:  Keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his or her conduct and condition.  Finally, it allows the probation officer to be aware of potential criminal activity or involvement in high-risk situations by the defendant and it assists in ensuring that the defendant is complying with other conditions such as the prohibition on committing new crimes or associating with those involved in criminal activity.)*

15.  You must provide the probation officer access to any requested financial information and authorize the release of any financial information.  The probation office will share financial information with the U.S. Attorney's Office.  Also, you must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.  If the judgment imposes a fine or restitution, you must pay the fine or restitution as ordered.  You must also notify the probation officer within 72 hours of any changes in your economic circumstances that might affect the ability to pay any court ordered financial obligation.  *(This condition enables the probation officer to satisfy the statutory requirements to:  Keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his or her conduct and condition.  Finally, it may assist the probation officer in setting the appropriate collection parameters for monetary conditions; deter and detect economic crimes; verify and monitor self-employment; or assist a disorganized, impulsive defendant to gain control of his or her financial situation.)*

19.  Unless an assessment at the time of release from imprisonment or commencement of probation indicates that participation is not necessary, you must participate in a drug and alcohol abuse treatment program and follow the rules and regulations of that program.   The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).  You must pay the costs of the program if financially able.  You must not use or possess any controlled substances without a valid prescription.  If you do have a valid prescription, you must follow the instructions on the prescription.  You must not use or possess alcohol during the course of treatment.  You must submit to substance abuse testing, not to exceed 85 tests per year, to determine if you have used a prohibited substance.  You must not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption, except as with the prior approval of the probation officer.  *(This condition serves the statutory sentencing purposes of public protection, deterrence, and rehabilitation.  This condition also enables the probation officer to satisfy the statutory requirements to:  Keep informed as to the conduct and condition of the defendant; report the defendant's conduct and condition to the sentencing court; and aid the defendant in bringing about improvements in his or her conduct and condition.  Social science research has shown that substance abuse draws one to antisocial others, exposes one to antisocial attitudes, interferes with prosocial relationships, hampers success at employment, and leads to impulsive decision making.  Drug testing deters the defendant from possessing illegal drugs by making him or her cognizant that unlawful possession can be discovered at any time through drug testing, protects the public by enhancing the ability of the probation officer to detect unlawful substances and by assisting with substance abuse treatment, and assists with substance abuse treatment by providing a*

*barometer for change. Abstinence from alcohol use is necessary because research shows that alcohol use is likely to trigger a recovering drug abuser's return to drug use. Additionally, substance-dependent defendants may substitute alcohol for their drug of choice.)*

33. You must not make any agreement with a law enforcement agency to act as a special agent or confidential informant without first getting the permission of the court. *(A confidential informant is a defendant who engages in the prohibited activity of associating with persons engaged in criminal activity for the purpose of furnishing information to or acting as an agent for a law enforcement or intelligence agency. Since the inception of the federal criminal justice system, prosecutors have utilized defendants supervised in the community as confidential informants. The activities required of confidential informants, however, may potentially conflict the conditions normally imposed by a court. Acting as a confidential informant is generally inconsistent with the rehabilitative and re-integrative goals of supervision. Such activities may also pose risks to the probation officer who supervises the defendant, especially when he or she has limited knowledge or no knowledge of the nature of the defendant's activities. There are rare occasions, however, when the law enforcement benefits to the community justify permitting the defendant to engage in this high-risk activity. In these cases, strict monitoring by the court and the probation office is necessary for the safety of the community, the defendant, and the supervising probation officer.)*

### III.   CONCLUSION

For the reasons set forth above, defendant's motions and filings related to modification of conditions of supervision (DE ## 697, 712, 714, 724, 725) are **GRANTED, in part,** as described herein, but otherwise **DENIED**.

                                              **SO ORDERED.**

Date: April 26, 2022

                                s/James T. Moody  
                                JUDGE JAMES T. MOODY  
                                UNITED STATES DISTRICT COURT